Dorr
v.
Munsell.

It is sufficient evidence of a judgment recovered before a justice of the peace who is since dead, for the party to prove the death of the justice, and to produce the original minutes of the judgment, in the hand-writing of the justice, with proof to verify those minutes.

———⋄※⋄———

DORR *against* MUNSELL.

In an action of debt on bond, the defendant cannot plead a failure of consideration, or that he was induced to give the bond by a fraudulent representation of the value of a thing, which afterwards turned out to be of no value; as where the consideration of the bond was a transfer of a patent right to

THIS was an action of debt on a bond in the penalty of 400 dollars, dated the 21st *September*, 1810. The defendant craved oyer, and set forth the condition of the bond, which was for the payment of three sums, each of 66 dollars and 67 cents, in one, two, and three years from the date; and then pleaded, 1. *Non est factum.* 2. That the bond was fraudulently obtained by the plaintiff, by representing himself to be the original inventor and patentee of an improvement in a machine for shearing

which the plaintiff was not entitled as the original inventor. Fraud may be given in evidence under *non est factum*, only where it relates to the execution of the instrument.

cloth, containing a new mode and principle of drawing and moving the cloth in the machine while in the operation of being sheared; and that the same had not been invented by, or patented to, any other person previous to the date of the letters patent granted to the plaintiff by the president of the United States. The defendant then averred that the said mode of drawing cloth, while in the operation of being sheared, was patented on the 22d *November*, 1805, to one *Kellogg*, and to one *Samuel G. Dorr*, on the 29th *October*, 1792; and that the defendant was not the original inventor and patentee thereof. That the defendant, in confidence of the representations of the plaintiff, made the bond in the declaration mentioned, and received therefor, from the plaintiff, a conveyance of his right, to make and use the said machine for 14 years, in the county of *Cayuga*, and in the township of *Marcellus*, in the county of *Onondaga*, excepting the town of *Aurelius*, in the county of *Cayuga*. 3. Generally, that the bond was obtained by fraud.

To the second plea the plaintiff demurred, and assigned special causes of demurrer, which it is unnecessary to state, as the opinion of the court was founded on the insufficiency of the plea in substance; and, to the third plea, he replied tendering an issue thereon. The cause was submitted to the court, without argument.

SPENCER, J., delivered the opinion of the court. The plea demurred to is bad. It sets up a fraudulent representation of the plaintiff's patent right; and, in substance, it is a denial of any consideration for the bond. At law, the defendant cannot avoid a solemn deed on the ground of a want of consideration. That inquiry is precluded by the very nature of the instrument. The case of *Vroman* v. *Phelps*, (2 *Johns. Rep.* 177.,) is directly in point, that a fraudulent representation of the quality and value of the thing sold forms no defence in a suit on a specialty.

In some of the elementary writers, it is stated that fraud may be given in evidence under the plea of *non est factum*. This must be confined to cases where the fraud relates to the execution of the instrument, as if a deed be fraudulently mis-read, and is executed under that imposition; or where there is a fraudulent substitution of one deed for another, and the party's signature is obtained to a deed which he did not intend to execute. The case of *Hayne* v. *Maltby*, (3 *Term. Rep.* 440.,) does not apply. There,

NEWYORK, October, 1816.

DORR
v.
MUNSELL.

NEWYORK,
October, 1816.

BANK OF UTICA
v.
DE MOTT.

the suit was on the covenant which was the instrument of the fraud, and Lord *Kenyon* evidently meant to exclude the idea that the defence would have been admitted, had there been a covenant to pay a sum in gross.

Judgment for the plaintiff.