## FRANCHOT *against* LEACH.

Where no place is mentioned for the delivery of the deed, in articles for the sale of land; though the vendor is bound to seek the vendee and tender a deed; yet the parties may, by parol, agree on a place of performance, after the execution of the articles; or the vendee may appoint a place; and if the vendor tender at the place, it is well.

*Semb.* if the vendee tell the vendor, before the day, that he will not perform, no tender is necessary.

Fraud, as to the consideration, cannot be set up to avoid an agreement under seal; but only fraud as to the execution.

COVENANT, tried at the Chenango circuit, June 22d, 1825, before NELSON, C. Judge.

The action was on an agreement dated April 5th, 1824; by which the plaintiff agreed to sell to the defendant a lot of land for $300; and to execute a deed by the 1st day of July (then) next; in consideration whereof, the defendant agreed then to pay $100, and give a bond and mortgage for the balance. It was in evidence at the trial, that immedi ately, and within a few minutes after the execution of this agreement, the parties agreed by parol that the office of Birdsall & Buttolph, in Norwich, Chenango county, should be the place of performance; the plaintiff living in the town of Butternutts, Otsego county, and the defendant in New-Berlin, Chenango county. In the latter part of June, 1824, the defendant was in Norwich, when the plaintiff's attorney, Mr. Buttolph, saw him, and told him that the plaintiff would attend on the first of July, to perform the agreement. The defendant replied, it would be of no use, for he should not fulfil; alleging, that there was not water on the lot sufficient

for a distillery. The plaintiff attended at the place, and on the day appointed, with a deed according to the parol agreement; but the defendant did not attend. A few days after the plaintiff's attorney offered the deed to the defendant, which he refused to receive; but blamed one Cook, for not attending to inform the plaintiff of the reason why he would not fulfil the agreement. The defendant took possession of the lot soon after the agreement, and kept possession to the time of trial by Cook, his tenant.

NEW YORK,
May, 1826.

Franchot
v.
Leach.

The declaration set forth the parol agreement as to the place of delivery, and averred the attendance of the plaintiff accordingly; and that the defendant did not attend.

The evidence of this was objected to; but admitted by the judge. The defendant then offered to prove that he purchased the lot for the purposes of distilling and manufacturing; which the plaintiff knew; and represented that the stream of water, running through the lot, was sufficient for those purposes, well knowing, at the same time, the contrary.

The judge rejected this evidence; and the jury, under his direction, found for the plaintiff, the consideration money and interest.

*J. Clapp*, for the defendant, now moved for a new trial. He cited 1 Chit. Pl. 310; 1 Saund. 320; Co. Litt. 211, a.; 2 Com. Dig. 452; Litt. § 340; Co. Litt. 210, b.; 1 Bac. Ab. 489, old ed.; Poth. Obl. no. 513, p. 356, Ev. ed.; Chipm. Contr. 24, 28; 3 John. Cas. 250; 8 John. 476; 4 Cowen, 452; 1 Phil. Ev. 424; 1 Cowen, 250; 8 John. 192; 4 id. 288; 2 Barnw. & Cressw. 205; 1 John. Ch. Rep. 282; Chipm. Contr. 27; 5 Ves. 736; 13 id. 228; 1 John. Ch. Rep. 370; 1 John. Cas. 22; 3 John. 528; 1 John. Ch. Rep. 425, 343; 2 id. 554; 1 R. L. 78; 14 John. 32; 15 John. 204; 17 id. 437; Rob. Fraud. Conv. 522; 4 John. 412; 13 id. 327, 395; 4 Mass. Rep. 488; 1 Salk. 211; 2 Ld. Raym. 1118; 1 Sid. 146; 1 Ves. 127; 3 Atk. 383; 6 Mod. 34; 3 John. 71; 6 id. 182; and notes to Co. Litt. 384, a.

*J. A. Collier*, contra.

NEW YORK,
May, 1826.

Franchot
v.
Leach.

*Curia*, per SAVAGE, Ch. J.   The delivery of the deed was, no doubt, a condition precedent to the payment of the money; and, but for the parol agreement, the plaintiff must have sought the defendant, and offered him the deed. There can be no doubt that a written contract cannot be contradicted by parol; and that all which passes between parties previous to a writing, is merged in the writing. But in this agreement no place was mentioned for the performance of it; and surely it was competent for the defendant, at any time after the execution of the agreement, to designate the place where it should be done.   Besides, it is questionable whether any offer of a deed was necessary, as the defendant had told the plaintiff's agent that it was unnecessary; for he, the defendant, should not perform the agreement.

The defence offered was properly excluded.   The case of *Dorr* v. *Munsell*, (13 John. 430,) is in point.   There the plea was, that the plaintiff obtained the bond fraudulently, by falsely representing himself as the inventor and patentee of an improvement, which it was averred was untrue. The court decide the plea is bad, and cite 2 John. 177; where it is decided that a fraudulent representation of the quality and value of the thing sold, forms no defence to a suit on a specialty.   The fraud which avoids a deed, is not a fraudulent representation as to the consideration, but a fraud relating to the execution of it; as a fraudulent misreading or obtaining such an instrument as the obligor did not intend to give.

The motion for a new trial must be denied.

New trial denied.