Cuna, per Sutherland J.,
The plaintiff, upon the trial, claimed a right to recover the premises in question, in vir *290 tue of a lease, under seal, from the defendant, bearing date the 30th day of December, 1825. By the terms of the lease, the lessor of the plaintiff was to have possession of the farm on the 15th day of February, 1826. The lease was for the term of ten years, reserving an annual rent of $100. The execution of the lease, and the defendant’s possession, were duly proved or admitted.
*The defence was, that the lease was obtained by fraud; not that the defendant was incompetent, by reason of age, infirmity, or mental imbecility, to make a valid contract, or that she was ignorant, when she executed the lease, of its nature and effect; but that the lessor was guilty of a misrepresentation as to a part of the consideration or inducement to the making of the lease.
The facts relied on to establish the fraud, were briefly these: The farm in question consisted of about 140 acres of land; and was held by the defendant as her dower out of her husband’s estate. Her son, Huet 0. Hills, owned a farm adjoining his mother’s, which he was desirous of selling. The lessor of the plaintiff proposed to purchase it, if he could obtain a lease of the defendant’s farm also. She was unwilling, and at first refused to lease it; but finally, by the persuasion of her son, who represented to her that he was much embarrassed, and that it was very important to him to' sell his farm, and that the lessor would not purchase it unless he could get a lease of her’s; and if he sold, that it-was his intention to purchase a small farm upon the Mohawk river, she consented to give the lease in question. Her son, Huet O. Hills, was not present when the lease was executed, and the defendant said she did not wish to sign the writings at that time. Church told her he had had a good deal of trouble, and wished to complete the business; that his bargain with her son was complete, and she might as well sign the lease then as at any other time. The lessor of the plaintiff had repeatedly said he did not want either of the farms unless he had both.
It appeared that there were judgments against Huet O. Hills, when he made the contract with the lessor for the sale of his farm, to a much larger amount than the farm *291 was worth; and that he has never been able to give him a ’ ^ clear title. Two witnesses testified that the defendant de dared that she did not blame Church in relation to the lease; but that her son Huet’s affairs were so different from what she expected, that if she gave up the *farm, he (Huet) would have no where to live. That she did not know but the rent was high enough, and that it might be better for her to let Church have the farm, if Huet had any where to live.
This defence was objected to by the plaintiff, as inadmissible ; and Huet 0. Hills, the witness by whom most of the facts were proved, was objected to as incompetent, on the ground that he occupied the premises in question, or a part of them, under the defendant, and was, therefore, interested to protect his own possession, and was liable for the mesne profits, and that a verdict for the plaintiff in this cause, would be evidence against him, in an action for those profits. The objections were both overruled; and the jury, under a strong charge from the judge, found a verdict for the defendant.
If the consideration of a specialty be unlawful or corrupt, that renders it void ab initio, and may be pleaded. (2 Wils. 347.) But the mere want or failure of consideration, is not sufficient, at law, to avoid a specialty. [1]
In Vrooman v. Phelps, (2 John. 177,) the action was covenant upon a sealed instrument, by which the defendant covenanted to pay the plaintiff the sum of $150. The defendant pleaded that the instrument was given for a female slave purchased by him from the plaintiff; that the plaintiff fraudulently and knowingly represented to the defendant, that the slave was honest, and not addicted to intoxication or theft, and would faithfully serve the defend *292 ant if he purchased her, the plaintiff well knowing at the time, those representations to be false; and by such fraudulent and wrongful representations, he induced the defendant to purchase the slave for the sum of §150, for which he gave the instrument on which the action was brought. And the defendant averred that, after the slave had been delivered to him, she did, in consequence of felonies committed while she was in possession of, and belonged to the plaintiff, and which he well knew, and in consequence of habits of intoxication, &e., abscond and flee from the defendant’s service, &c. To this plea there was a general demurrer, which of course admitted all the "“material allegations in the plea. The plea was held to be bad; and the court remarked that it had repeatedly been decided that the breach of a written warranty as to the quality of goods sold, could not be pleaded in discharge of a bond given for the consideration; much less ought parol representations as to the quality of a thing made antecedent to the contract, though false and fraudulent, and though they may have induced the defendant to make the purchase, to be pleaded in avoidance of a specialty.
So in Door v. Munsell, (13 John. 430,) to an action of debt on bond, the defendant pleaded that the bond was fraudulently obtained by the plaintiff, by representing himself to be the original inventor and. patentee of a certain machine for shearing cloth, &e.; and that the defendant, confiding in those representations, purchased a right to use the machine in the county of Cayuga, and gave the bond on which the suit was brought for the same, and averred that the plaintiff was not the inventor or patentee of said machine, &c. This plea was held bad upon demurrer. Spencer, J., remarks, that it sets up a fraudulent representation of the plaintiff’s patent right, and, in substance, is a denial of any consideration for the bond ; and, at law, a party cannot avoid a solemn deed on the ground of a want of consideration. And he cites the case of Vrooman v. Phelps, as being directly in point; and remarks that the fraud which avoids a specialty at law, must relate to the execution of the instrument; as if a deed be fraudulently *293 misread; or where there is a fraudulent substitution of one deed for another, and the party’s signature is obtained to a deed, which he did not intend to execute.
This doctrine is fully recognized by this court in Franchot v. Leach, (5 Cowen, 506,) and Champion v. White, (5 Cowen, 510.)
The evidence in this case establishes nothing more than a partial failure of consideration. Indeed, it can hardly be said to have been any part of the consideration for the contract between Ghurchand the defendant, that Ghurch should also purchase the farm of the defendant’s *son. She gave the lease under the belief that such purchase had been, or would be.made; and although such belief may have been the inducement on her part for making the contract, yet the rent reserved, which appears to have been about the annual value of the farm, was the consideration for the lease. It is then the case of a lease executed upon adequate consideration, with a full knowledge on the part of the lessor of what she was doing, and of its legal effect and operation; but under a misapprehension as to a collateral circumstance, occasioned, if you please, by the false and fraudulent representations of the lessee. I know no principle upon which such a lease can be avoided at law. If there is any relief, it must be in a court of equity.
It is not necessary, therefore, to decide whether Huet 0. Hills was a competent witness, or whether the verdict is according to the weight of evidence. If the witness occupied a part of the premises for which the action was brought, not merely as the servant of the defendant, but claiming a distinct right, either as her tenant or otherwise, then he had a direct interest in defeating -a recovery by the plaintiff; as the effect of such recovery would be to turn him out of possession. (1 John. Gas. 275; 5 Taunt. 183.)[1] But he *294 would seem, at all events, to be liable to an action for the ’ . . ’ . . . , T mesne profits, and the verdict m this cause would, I prex 7 _ . . sume, be evidence for the plaintiff in such action against any person in possession of the premises (Woodf. 511; Adams’ Ei. 331, 334, 335, and note.(7) Jackson v. Stone, 13 John. 457.)
I am, therefore, of opinion that a new trial ought to be granted.
¡New trial granted.

 A promise or obligation cannot be defeated in whole or in part, on the ground of the inadequacy of the compensation received for the obligation incurred—the slightest consideration is sufficient to support the most onerous obligation; the meaning of the rule that you may impeach the consideration is only that you may show fraud, mistake or illegality in its concoction, or non-performance of the stipulations of the agreement on the part of the promisee. Oakley v. Boorman, 21 Wen. 688. N. Y. Dig., vol. 2, p. 705, No. 16.

 In ejectment, the defendant offered a witness to prove that he, the witness, was in possession of the premises in question at the commencement of the suit, and then still continued to be the real tenant in possession, and not the defendant. Held, that if the witness was in possession, he had an immediate interest to protect that possession, by preventing a recovery, and was, therefore, not competent. Brant ex dem. Van Cortlandt v. Dyckman, 1 *294 John. Cas. 275; Jackson ex dem. Van Der Bergh v. Trusdell, 12 John. R. 246.
See Boyer v. Smith, 5 Watts, 55.