## SUPREME COURT.

### ESMOND agt. VAN BENSCHOTEN.

By noticing a cause for trial a party waives the right of moving subsequently to strike out redundant matter from his adversary's pleading, under § 160 of the Code.

*Saratoga Special Term, June* 1850.

WILLARD, Justice.—A motion to strike out irrelevant or redundant matter, from a pleading, under § 160 of the Code, answers in place of an exception for impertinence under the former chancery practice. Although the distinction between law and equity has been abolished, still it will rarely happen, except in those causes of action which were formerly of equitable cognizance, that redundant or impertinent matter will be inserted. The objection for *insufficiency* will generally be taken by demurrer; for *redundancy,* a demurrer will not in general afford an appropriate remedy, and resort must be had to a motion.

It is urged that the defendant having noticed the cause for trial after receiving the reply, has waived his right to move to strike out a part of the pleading. The 43d rule requires the motion to be made before demurring or answering the pleading,

and within twenty days from the service of the pleading. This motion was made within the twenty days but not until after both parties had noticed the cause for trial. By noticing the cause for trial, each party admits that his adversary's pleading is sufficient to raise an issue either of law or fact. He waives the right of moving subsequently to strike out redundant matter.

But aside from this and other formal objections, I think the motion should be denied on the merits. It was competent for the parties to agree by parol upon a time and place for the delivery of the writings and completing the contract. This is not contrary to any thing set up in the original contract. The original contract was silent on that subject. In such case I understand that it is competent for the parties to agree by parol on a place of performance (Franchet vs. Leash, 5 *Cow.* 506). The motion must be denied with five dollars costs.