JAMES M. SMITH, JR., CYRUS CLEVELAND and AMERICUS V. POTTER *v.* HENRY R. SMELTZER.

A party who contracts to convey land is required to deliver a deed of conveyance of the property in such a condition as to make it *at once* operative to the purchaser against all persons.

A vendor under contract to convey real estate, in order to put the vendee at fault, and maintain an action against him for damages for breach of contract, must show a tender of a sufficient deed, and a refusal to accept; although by the terms of the contract the vendor was to convey when the vendee was ready and tendered a compliance with the contract on his part.

A tender, at a time and place designated by the vendee, is sufficient.

But the tender of a deed, executed and acknowledged, is not sufficient if acknowledged in another state, or in a county other than that in which the property is situated, unless accompanied by such a certificate of the authority of the commissioner taking the acknowledgment as will entitle the deed to be recorded. The *onus* of procuring such certificate is on the vendor.

APPEAL by defendant from a judgment entered upon the report of a referee. This action was brought to recover damages for a breach of contract made between the parties to the action, by which the plaintiffs agreed to sell, and the defendant to purchase certain real estate, situated at Mamaroneck, Westchester county, New York. The complaint set forth the agreement, and then alleged that within the time set for performance by the agreement, and on a day appointed by the defendant, the plaintiffs went to the place of business of the defendant with a deed of the premises, for the purpose of tendering it, but that the defendant was not there, and thereafter refused to fulfil the agreement on his part, though often requested so to do. This the answer denied, though it did not deny that the place of the alleged tender was the defendant's place of business.

The cause was referred. Upon the trial before the referee it was proved that a deed was tendered, as alleged in the complaint, and the deed was produced by the plaintiffs, under a notice to produce given by the defendant. The deed was executed by all the plaintiffs and their respective wives. The plaintiff Potter and his wife were stated in the deed to be residents of Providence, Rhode Island, and their acknowledgment to the deed was taken there, by a commissioner for the state of New York in Rhode Island. The acknowledgment of the other two plaintiffs was taken, the one in Westchester county, and the other in the city and county of New York. No certificate of the secretary of state, authenticating the official character and signature of the

commissioner, was attached to the deed; nor was there any county clerk's certificate in respect to the authority of the commissioner taking the acknowledgment in New York city. No objection was made to the introduction of the deed, but the defendant moved to dismiss the complaint upon several grounds, one of which was, that no sufficient tender of a deed to the defendant had been shown. The motion was denied, and at the close of the defendant's case, who offered some affirmative evidence on other points, the referee reported in favor of the plaintiffs. Judgment having been entered thereon, the defendant appealed.

*William D. Booth*, for the appellant.

*E. A. Doolittle*, for the respondents.

INGRAHAM, FIRST JUDGE.—A motion for a nonsuit was made in the present case, upon the ground that the plaintiffs failed to show that they had tendered a proper deed, and that the place of tender was not the place of business of the defendant.

In regard to the latter point, it is sufficient to say that the complaint avers that the deed was tendered at the place designated and appointed by the defendant. This is not denied in the answer, and is therefore conclusive. *Franchot* v. *Leach*, 5 Cowen, 506.

The denial of a tender of a proper deed rests upon the supposed defect in the description of the premises, and in the mode of execution.

The deed was acknowledged by two of the parties before a commissioner for the state of New York residing in Rhode Island, and there was not attached to the deed any certificate of the secretary of state so as to permit it to be recorded.

The same objection also existed to an acknowledgment of two other parties before a commissioner of deeds of the city and county of New York.

The deed could not have been recorded without obtaining a

certificate from the clerk of the city and county of New York, as to the one, and from the secretary of state as to the other.

The validity of this objection depends upon the decision as to which of the parties was under the necessity of procuring the certificates.

It appears to me, that without such certificates the conveyance was not perfect. It is true that either party could have procured the same, but until procured the deed could not be recorded, and in the time which would be required to obtain them, other conveyances or incumbrances might be put on record, so as to entirely defeat the purchase. The certificates are as necessary as the acknowledgment, and without them the deed, although valid against the grantor, would be of no force or effect against an innocent purchaser or subsequent incumbrancer. It can never be maintained that a party, who contracts to convey land in New York, may execute a deed in a foreign country, or another state, and deliver such deed in an imperfect condition. A party who has to deliver a deed of land, in pursuance of a contract, is required to deliver it in such a condition as to make it at once operative to the purchaser against all parties. Such is not the case where the deed cannot be recorded, and the purchaser is put to delay and expense to complete the same. If the deed had been executed where the land to be sold was located, such certificates would have been unnecessary; but where the vendor for his convenience executes it elsewhere, he must provide all that is necessary in consequence of such execution, so that it may be recorded where the land lies. It is said that the objection should have been taken to the reading of the deed before the referee, but such an objection cannot be taken to the deed when produced on the call of the opposite party, and the production was necessary to show that the deed was defective.

It is also said that the plaintiffs were not bound to tender a deed, because, by the contract, the plaintiffs were only to convey as soon as the defendant was ready, and tendered a compliance on his part. This is so, if the defendant sought to put the plaintiffs in default. But the contracts were not independent, so that

the plaintiffs could claim damages, without, on their part, first offering a conveyance. They were required to tender the deed, in order to put the defendant in the wrong, and not having tendered a sufficient deed, I think they cannot recover in this action.

It is not necessary to examine the other questions discussed on this appeal, as the judgment cannot be sustained, for the reasons above mentioned.

Judgment reversed, and case sent back to the referee, costs to abide event.