IN THE

# SUPREME JUDICIAL COURT

## FOR THE COUNTY OF HAMPDEN, SEPTEMBER TERM 1861.

PRESENT:

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. CHARLES A. DEWEY
Hon. THERON METCALF,
Hon. PLINY MERRICK,       } Justices.
Hon. EBENEZER R. HOAR,

## George Walker vs. George W. Swasey.

In an action of tort in the nature of trespass to real estate, the defendant, under an answer denying that the plaintiff is seised of the premises, may put in evidence a deed thereof to himself from a former owner, under whom the plaintiff also claims, which is prior in date to the title relied on by the plaintiff.

If a defendant justifies an alleged trespass to real estate under a deed of the premises from a former owner under whom the plaintiff also claims, which is prior in date to the title relied on by the plaintiff, the plaintiff may prove that the description of the premises conveyed to the defendant, as inserted in the deed, includes two lots of land adjoining each other, and that the contract of sale between the parties related to only one of them, and did not include the close on which the trespass was committed, and that the description was fraudulently inserted in the deed without the knowledge and against the will of the grantor, and that the grantor, upon discovery of the fraud, after execution of the deed, reëntered upon that portion of the land which was thus fraudulently included in the deed, and repossessed himself of it, and while in possession thereof conveyed the same to the plaintiff; although the deed to the defendant purported to convey but one lot of land, embraced in a single description, and neither the grantor nor the plaintiff has ever offered to return to the defendant the consideration paid by him for his deed.

MERRICK, J. This is an action of tort, in which the plaintiff alleges that he was seised in fee of the parcel of land described in the declaration, subject to a right of way therein in all the several owners of lands abutting on Stockbridge Street; and that the defendant unlawfully erected and maintained a fence upon the same, and thereby hindered and obstructed him in the use and enjoyment of his right of way and passage over the same. In his answer, the defendant denies that the plaintiff was seised of the premises, or that he was entitled to any right of way therein.

Upon the trial, it appeared that Frederick Dwight was formerly the owner of a considerable tract of land, including the premises, over which he laid out and established an open way, called Stockbridge Street. The plaintiff thereupon introduced a deed to himself from said Dwight, dated October 1, 1858, of a tract of land adjoining Stockbridge Street, in which that street was named and described as one of the boundaries thereof. The erection and maintenance of the fence upon the premises by the defendant, as alleged in the declaration, was not in controversy, but was expressly admitted.

To show that the plaintiff was not seised of the premises, the defendant produced and read to the jury a deed from said Dwight to himself, dated the 10th of August 1857, whereby the *locus,* together with a parcel of land adjoining thereto, was conveyed to him in fee, with covenants of warranty that the same was free from all incumbrances. To the introduction of this deed the plaintiff objected, upon the ground that no such defence and no such title in himself was set forth in his answer. But this was not necessary to entitle him to avail himself of this means of disproving the plaintiff's allegation that he was seised in fee of the premises. For if Dwight had previously conveyed to the defendant the land in controversy, his subsequent deed to the plaintiff could not invest him with any right or interest therein. The prior deed of Dwight was not relied on in discharge or avoidance of the title set up by the plaintiff, but conclusively showed that he had never acquired any title whatever. Its only tendency being to disprove the allegation of seisin by the

plaintiff, the provisions of the practice act do not require that, to make it admissible in evidence, it should have been set forth in the answer. Gen. Sts. *c.* 129, § 19. *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 541. *People's Ins. Co.* v. *Arthur*, 7 Gray, 267. *Willard* v. *Williams*, Ib. 184.

His objection to the admission of this deed having been over-ruled, the plaintiff contended that the defendant acquired by it no title to so much of the land described in it as constituted a part of the way laid out as Stockbridge Street. And, to maintain this proposition, he offered to prove that the description of said premises was fraudulently inserted in the deed by the defendant, without the knowledge and against the will of the grantor; and that the said deed, as to so much of the land purporting to be conveyed by it as lay within the limits of said street, was void, and had in fact been avoided by said Dwight; and that he, before the said conveyance to the plaintiff, had denied the validity of the deed to the defendant on account of said fraud, so far as it purported to convey that parcel of land, and had reëntered upon and taken possession of the premises, and was in possession, claiming to be the lawful owner of the same, when he made said deed to the plaintiff. But all the evidence which he offered to produce to establish these facts was, upon objection of the defendant, excluded. This we think was erroneous. The question is not whether it was sufficient to establish the proposition asserted, but whether it was competent to be laid before the jury for their consideration.

The defendant does not contest the general proposition that fraud vitiates and annuls, at the pleasure of the party defrauded, all contracts and conveyances, of whatever character they may be. But he attempts to sustain the ruling of the court excluding the evidence which the plaintiff proposed to produce, by insisting that the deed of Dwight to him was an entire contract conveying but one lot of land, all embraced in a single description; that Dwight never insisted upon his right to rescind the contract, or to invalidate the entire deed, or to annul the entire conveyance; and that neither he nor the plaintiff have ever re-turned or offered to return to him the consideration paid for it.

But it is to be observed that the plaintiff asserted, and the evidence which he offered to produce tended to show, that the description in the deed from Dwight to the defendant comprehended two lots, one of them lying in the rear of land previously owned by Swasey, and the other in the rear of land owned by one Sheldon, being the land in controversy; that the bargain and contract of sale between the parties related only to the former; that the defendant purchased and paid for that lot only, and that Dwight sold and intended to convey no more than this; and that the lot of land in the rear of that belonging to Sheldon was included in the description contained in the deed by the fraudulent acts and misrepresentations of the defendant.    There can be no doubt that a tract of land may be divided by the owner into two or more lots, and in such case, although they adjoin and abut upon each other, they may be treated and dealt with by him as separate and distinct parcels, just as effectually as they could be, if the fee was in different proprietors.    If, therefore, the present statement of the plaintiff is true, Dwight by his deed had fulfilled the contract between himself and the defendant, for it conveyed the lot of land situate in the rear of that previously belonging to him, and this was all that the defendant had a right, by the terms of the contract and agreement between the parties, to have conveyed to him.    As Dwight had thus fully performed the contract on his part, and had by his deed conveyed the particular parcel of land which he sold, and which the defendant had purchased, and had received the consideration agreed on in payment of it, he was under no obligation to rescind the contract, or to give up the bargain, in order to protect his rights in reference to another parcel of land which he had never agreed to sell, but which the defendant, by fraudulent artifices, had caused without his knowledge to be described in the deed of conveyance.    The law will not allow him, by the fraud and imposition of which he is himself guilty, to compel his grantor either to give up a contract which he fairly made and faithfully executed, or to acquiesce in the transfer of property which was never the subject of any negotiation or agreement between the parties, and to which the defendant can prefer

no possible claim of right in justice or equity. Dwight might, therefore, upon discovery of the fraud which had been practised upon him, while acquiescing in the validity of the deed as to all the land which he had actually sold, and for which only he had been paid, deny it in relation to the other lot lying in the rear of the land of Sheldon. This was the course which he had a right to pursue, and which, according to the statements of the plaintiff upon the trial, and which he offered to prove, he actually did pursue. And if he did thus deny the validity of the deed, so far as it affected or purported to convey the last named tract of land, and, insisting that the defendant had acquired no right or title whatever thereto, did reënter and possess himself of it, and keep the defendant out, he was in a condition to enable him to make a valid conveyance of it to the plaintiff. The proposed evidence offered by him should therefore have been received, for, upon establishing the fact as alleged, he would have been entitled to recover. Because it was excluded, there must be a new trial. *Exceptions sustained.*

*J. Wells,* for the plaintiff, cited, as to the evidence of fraud, *Prescott* v. *Wright,* 4 Gray, 461 ; *Franchot* v. *Leach,* 5 Cow. 508 ; *Jackson* v. *Hills,* 8 Cow. 293 ; *Van Valkenburgh* v. *Rouk,* 12 Johns. 337 ; *Dorr* v. *Munsell,* 13 Johns. 430 ; *Somes* v. *Brewer,* 2 Pick. 183, 194, *note,* 203 ; *Hoilt* v. *Holcomb,* 3 Fost. (N. H.) 535 ; *Gage* v. *Gage,* 9 Ib. 533 ; *Worcester* v. *Eaton,* 13 Mass. 375 ; *Arnold* v. *Richmond Iron Works,* 1 Gray, 439 ; *Gibson* v. *Soper,* 6 Gray, 279 ; *Tucker* v. *Moreland,* 10 Pet. 72 ; *Brickett* v. *Spofford,* 14 Gray, 514 ; *Thurston* v. *Blanchard,* 22 Pick. 18 ; *Judge* v. *Houston,* 12 Ired. Law R. 108 ; *Prince* v. *Shepard,* 9 Pick. 176 ; *Miner* v. *Bradley,* 22 Pick. 457 ; *Parish* v. *Stone,* 14 Pick. 198 ; *Rand* v. *Mather,* 11 Cush. 1.

*N. A. Leonard,* for the defendant, cited, on the same point, *Stackpole* v. *Arnold,* 11 Mass. 32 ; *Barrett* v. *Union Ins. Co.* 7 Cush. 175 ; *Prescott* v. *Wright,* 4 Gray, 461 ; *Leonard* v. *Smith,* 11 Met. 330.