DAVID A. VAN VALKENBURGH *vs.* FRANCIS B. SMITH and another.

*In action on bond—want of consideration—cannot be set up.*

An obligor in a bond cannot defend an action thereon, upon the ground of a want of consideration, or that the consideration had failed.

Thus, in order to obtain the discharge of a suit for services by the plaintiff against the P. & O. C. Railroad Company, the defendants gave the plaintiff their bond, conditioned that one of the defendants should, within thirty days, deliver to the plaintiff four notes payable for the sums and at the times, and indorsed as therein mentioned. In debt on the bond, *Held*, that it is not competent to set up in defense that the plaintiff's services, instead of being of any value to the railroad company, were injurious through his mismanagement and incompetency; and that the bond was given through misapprehension of the facts, and that the consideration had failed.

ON EXCEPTIONS to the ruling of *Lane*, J., of the superior court for this county.

DEBT on a bond dated March 16, 1871, given by the defendants to the plaintiff, to obtain the discharge of an action pending against the P. & O. C. Railroad Company, in favor of the plaintiff, for his services. The condition of the bond was, ' that Francis B. Smith, within thirty days from the date of these presents, shall deliver to said D. A. Van Valkenburgh, four notes of two hundred and ninety-two $\frac{36}{100}$ dollars, in three, six, nine, and twelve months respectively, indorsed by F. O. J. Smith, or some other party equally as acceptable to said Van Valkenburgh.'

The defendants pleaded *nil debet*, with a brief statement, ' that the bond was not given for any alleged or supposed indebtedness of their own or of either of them, but for an alleged indebtedness of the Portland & Oxford Central Railroad Company, and without the knowledge or request of said company, or the board of directors thereof, not knowing that the same was not legally due, and for a valid consideration, but have since learned and been informed that said board of directors, or said company, do not recognize the

validity of the same, but that the same was wholly without good and valid consideration, and that said company have a just and legal ground of defense thereto, and that it is provable that the services alleged to have been rendered, and for which said bond was given, were not only valueless to said company, but absolutely injurious and damaging to the interests of said company through the mismanagement and incompetency of the plaintiff, and that said bond thereby was given through misapprehension of the facts respecting said claim, and without legal and valid consideration, and that the consideration thereof has utterly failed.'

The presiding judge ruled that evidence to support the allegations in the brief statement was not admissible, and that the defendants did owe in manner and form as declared against them, and assessed damages at the sum of $1,225.18, and the defendants alleged exceptions.

*F. O. J. Smith,* and *Bion Bradbury,* for the defendants.

*Strout & Gage,* for the plaintiff.

APPLETON, C. J. The plaintiff having a suit pending against the P. & O. Central Railroad for services, the defendants, ' to obtain the discharge of said suit,' gave the bond, which this action is brought to enforce.

There is no allegation of fraud or misrepresentation on the part of the plaintiff in procuring it. The bond, being under seal, the law implies a consideration. 'A bond,' observes Parsons, C. J., in *Page* v. *Trufant,* 2 Mass. 159, ' from the solemnity of its execution, imports a consideration, the want of which the obligor is estopped by law to plead. He may avoid the bond, by showing it was obtained by fraud or duress, or that the consideration is illegal or against the policy of the law.' But the defendants offer no such proof. There is nothing illegal in the discharge of a pending suit. 'At law,' remarks Spencer, J., in *Dorr* v. *Munsell,* 13 Johns. 430, ' the defendant cannot avoid a solemn deed on the ground of want of consideration. That inquiry is precluded by the very nature of the

instrument. The case of *Vroman* v. *Phelps*, 2 Johns. 177, is directly in point, that a fraudulent representation of the quality and value of a thing sold, forms no defense in a suit on a specialty. In some of the elementary writers it is stated, that fraud may be be given in evidence under the plea of *non est factum.* This must be confined to cases where the fraud relates to the execution of the instrument, as if a deed be fraudulently misread, and is executed under that imposition; or where there is a fraudulent substitution of one deed for another, and the party's signature is obtained to a deed which he did not intend to execute.'

*Exceptions overruled.*

CUTTING, WALTON, DICKERSON, DANFORTH, and TAPLEY, JJ., concurred.