Mr. Justice Yan Orsdel
delivered the opinion of the Court:
The sole question necessary to the determination of this appeal is involved in the granting of the motion to strike out the evidence of fraud. This motion was granted in response to the general rule of law that evidence of fraud affecting the execution of a contract under seal is inadmissible as a defense in an action at law upon the contract.
It is well settled that by the execution of a bond, and its return to the principal, for delivery to the obligee, the surety becomes estopped from setting up any condition not known to-the obligee, upon which the surety’s signature was obtained. United States v. Boyd, 8 App. D. C. 440; Dair v. United States, 16 Wall. 1, 21 L. ed. 491. But that is not this ease. The defense here relied upon is that plaintiff, the obligee, knew of the misrepresentations made to defendant by Linderman, and was a co-conspirator in securing the bond under such false representations. Plaintiff’s guilty knowledge of the methods employed by Linderman to induce defendant to execute the bond is the basis of the defense interposed by defendant. It matters not that the bond was not in fact formally delivered to-plaintiff until after all his contracts had been made with Linderman. There is evidence that plaintiff and his attorney examined the bond before the last agreement was made, whereby he waived the return of the government bonds, and, pursuant to' which, he looked after the negotiation of the government bonds,, placing them beyond the power of Linderman to return.
It is contended by counsel for plaintiff that the false representations alleged to have been made by Linderman only affected *22 the consideration for the giving of the bond, and that the defense is not available as a defense in an action at law on the bond, since the bond was executed under seal, which, at law, imports a good and valid consideration. On the facts disclosed, we are not impressed with this contention. The fraud disclosed by the answer, and of which there is evidence, does not go to the consideration alone, but more directly to the instrument itself. If the evidence is to be believed, the instrument in suit is one upon which the minds of the parties never met. Linderman, by his conspiracy with plaintiff, was in fact procuring a bond to secure the payment of money by Linderman to plaintiff, while defendant executed a bond to secure the return of certain described government bonds. The deceit of Linderman, with the full knowledge and consent of plaintiff, did not involve the consideration for the execution of a valid contract, but it extended to the fraudulent securing of a contract which defendant had refused to make.
The court below based its holding upon the decisions of the Supreme Court in Hartshorn v. Day, 19 How. 211, 15 L. ed. 605, and George v. Tate, 102 U. S. 364, 26 L. ed. 232. In those cases the defense of fraud related solely to the consideration, and not, as in this case, to the thing to he done. In George v. Tate, the instrument was a bond for the release of property about to be attached. The defense was the fraudulent misrepresentation that the property had been attached, and that, by reason of the false representation, the surety had signed the bond.
It is uot difficult to distinguish that case from the one at bar. The alleged fraud there amounted only to misrepresentation to induce the surety to sign a bond which in fact recited the truth, not that the property had been attached, but “was .about to be attached.” The following rule announced in that ■case, we think, clearly distinguishes it: “It is well settled that ■the only fraud permissible to be proved at law in these cases Is ■fraud touching the execution of the instrument, such as misreading, the surreptitious substitution of one paper for another, or ¡obtaining by some other trick or device an instrument which the *23 party did not intend to give. Hartshorn v. Day, 19 How. 211, 15 L. ed. 605; Osterhout v. Shoemaker, 8 Hill, 513; Belden v. Davies, 2 Hall, 433; Franchot v. Leach, 5 Cow. 506. The remedy is by a direct proceeding to avoid the instrument. Irving v. Humphrey, Hopk. Ch. 284.”
In Pacific Mut. L. Ins. Co. v. Webb, 84 C. C. A. 603, 157 Fed. 155, 13 A. & E. Ann. Cas. 752, the distinction is stated as follows: “The conclusion from all the cases in the Supreme Court is that the only fraud which may be availed of in an action at law to avoid a formally executed release of the claim sued on is misrepresentation, deceit, or trickery practised to induce the execution of a release which the signer never intended to execute, and upon which the minds of the contracting parties never met, and does not include any of those misrepresentations of fact which may be resorted to in order to persuade the claimant to agree to the release as actually made.”
In the present case, the alleged fraud consisted in inducing defendant to become a surety on a bond for the return of certain government bonds which it was stated in the instrument plaintiff had delivered, or was about to deliver, to Linderman, when, in fact, if certain of the evidence is’to be believed, the bonds had not been delivered, and never were to be delivered. In other words, defendant was induced by these alleged misrepresentations to secure the performance of an act which plaintiff had, as the logical result of the alleged conspiracy, rendered impossible. By this alleged misrepresentation and trickery, defendant was induced to guarantee the return, not of the bonds, but of the money. It therefore gave a contract which it did not intend to give.
This is not a ease where the alleged false representations are dehors the record, and might be treated as a consideration for securing a bond valid on its face. But here the false representations appear on the face of the instrument, and constitute the thing to be done. It has been held by this court that where a release executed under seal had been procured by fraud and deception, the facts might be shown in evidence to avoid the effect of the instrument in an action at law. Lyons v. Allen, *24 11 App. D. C. 513. In that case Chief Justice Alvey, speaking for the court, said: “But if the release was, as contended by the plaintiff, procured from him by any fraudulent device or deception, and he has not subsequently ratified it, he may show the facts in evidence, and avoid the release in an action at law, when set up as a bar to the action. Formerly, this right of avoiding a release under seal, on the ground of fraud, in an action at law, when set up as a defense to the action, was generally denied, and the party was referred to a court of equity, in jurisdictions where the remedies at common law and equity are separate. But it is now generally held, by a great preponderance of the authority, that a release so set up as a defense may be avoided at law.”
The condition here sought to be imposed upon defendant is one to which it never agreed to be bound, and which was not within its contemplation when the bond was executed. That it was never intended by plaintiff and Linderman that the bonds-should be returned by Linderman to plaintiff, that the bonds-in fact never passed into the possession of Linderman; and that it was not intended by them at the time that the bonds, should pass into the hands of Linderman, are facts supported-by evidence in the record, which should have been submitted to' the jury to determine, as a matter of fact, whether or not the alleged fraud was committed. If the alleged fraud is found by the jury to have been perpetrated upon’ defendant, with the knowledge of plaintiff, it forms a complete defense to this action.
The judgment is reversed, with costs, and the cause remanded; for a new trial. Reversed.