Judgment for the plaintiff.

Vrooman <em>against</em> Phelps.

In an action of covenant or on sealed obligation, for the payment of 150 dollars, the defendant pleaded specially, that the obligation was given for the consideration, of purchase money, agreed to be paid for a slave, sold by the plaintiff to the defendant; and that the plaintiff, to induce the defendant to purchase the slave, falsely and fraudulently represented her as honest, sober, &c. when he well knew she was not, &c.

THIS was an action of *covenant.* The plaintiff declared on a deed, or sealed instrument, executed by the defendant, by which he covenanted to pay to the plaintiff the sum of 150 dollars, &c. The defendant pleaded that the plaintiff entered into a conversation with him relative to the purchase of a female negro slave, belonging to the plaintiff, in which conversation, the plaintiff fraudently and knowingly, did represent and allege to the defendant, that the said slave was honest, and not addicted to intoxication or theft, and would faithfully serve the defendant, if he purchased her, &c. the plaintiff well knowing, at the same time, that the slave was not honest, &c. and by such fraudulent and wrongful representations, about the said slave, did induce the defendant, who gave full credit to the truth of them, to purchase the said slave of the plaintiff, for the sum of one hundred and fifty dollars, for the payment of which sum the defendant made and executed the sealed instrument in writing mentioned in the plaintiff's decla-

ALBANY,
Feb. 1807.

Vrooman.
v.
Phelps.

and avers,that she was not honest, or sober. &c. On a demurrer to this plea,it was held, that the want or failure of consideration, is not sufficient at law to avoid a specialty : and that a false representation, or warranty, whether in writing or by parol, as to the quality of property sold, could not be pleaded in discharge of a bond given for the consideration.

*Wilson, 347, Collins v. Blanton. 1 Fonblanque, 112.
† Fonblanque, 112, note Jen. 254. pl. 45. 1 Burr. 395. 3 Co. 77.
‡3 Term, 474. Rex. v. Scammander.
§1 Burr. 396,

ration; and the defendant averred that after the said purchase, and after the said slave had been delivered to him by the plaintiff, she did, in consequence of divers felonies committed while she was in possession of, and belonged to the plaintiff, which the plaintiff well knew, and in consequence of habits of intoxication, acquired while belonging to and in possession of the plaintiff, absent herself from the defendant's service, and fled away from the defendant to places unkown, &c. and concluded with a verification. To this *plea* there was a *general demurrer* and joinder.

*Johnson*, in support of the demurrer. In a court of law a bond cannot be defeated, unless it be proved to have been illegal and void *ab initio.** A wicked or unlawful consideration may be pleaded, but not the failure of a consideration. To support this plea would be assuming all the power which has been supposed to belong exclusively to a court of equity.

*Sedgwick*, contra. Fraud or covin may be averred against any act whatever;† if so, there is no distinction between a bond given for an illegal consideration and one given through fraudulent misrepresentation. The plea fully states the fraud in the sale, and this is confessed by the demurrer. Parol evidence is admissible to show what was the real consideration of a deed.‡ What circumstances or facts amount to fraud is a question of law, and courts of law have a concurrent jurisdiction with courts of equity to suppress and relieve against fraud.§ There is no reason, therefore, for sending the defendant to a court of equity, to be relieved against a fraud which appears on the pleadings, and of which this court may take cognizance.

TOMPKINS J. delivered the opinion of the court. The only question is, whether the demurrer to the plea is well taken. No authorities were cited upon the argument to show that a specialty could be invalidated for any other cause than the *illegality* of the consideration, which makes

it void from the beginning. In this case, the considera-
tion for the bill, or sealed obligation of the defendant,
was a slave sold to him by the plaintiff. This was a fair,
legal, and [*] valid consideration. In the case of *Dorlan*
v. *Sammis*,* decided in this court, it was held, that the
want or failure of consideration could not be set up at law
to impeach a specialty. The principle on which that
decision was founded, applies to the present case. It
has been repeatedly decided that the breach of a written
warranty as to the quality of goods sold, cannot be plead-
ed in discharge of a bond given for the consideration.——
Much less ought parol representations, as to the quality
of a thing, made antecedent to the contract, though false
and fraudulent, and though they may have induced the
defendant to make the purchase, be pleaded in avoidance
of specialty. Whether the plaintiff must seek his reme-
dy at a court of equity, or whether an action at law be

* *Dorlan* v. *Sammis*. This case came before the court on a writ of
error from the court of common pleas, in *Queen's* county. It was on an
action of debt on a common bond. Under the plea of the general is-
sue, the defendant gave notice that he would offer in evidence on the
trial, that the bond, mentioned in the declaration, was given for the
price of a negro woman, claimed by the plaintiff to be his slave, and
sold to the defendant as a slave ; but in fact, the negro woman was then
free, and not the property of the plaintiff. The court below refused to
admit the evidence, and a *bill of exceptions* was taken by the defendant.
    *C. I. Bogart*, for the plaintiff in error.
    *S. Jones*, jun. contra.
    *Per Curiam.* The question is, can a defendant in a court of law, get
rid of a bond given upon the sale of a chattel, on the ground of a failure
of consideration ? There is no allegation that the plaintiff sold the chat-
tel *fraudulently*, and knowing that he had no title. There is no case in
which a bond can be set aside, but where the consideration was *void* in
law, or where there was *fraud*. A mere failure of consideration is no
defence at law. (a) On a sale in good faith, and without warranty, the
buyer takes the risk.
                                        Judgment affirmed.
    (a) Surely a *mere failure of consideration* can have its origin in fraud,
and frequently betrays the odiousness of fraud in as pernicious a point
of view, as the most manifest acts of deception at the period of negocia-
tion.

maintainable on the case disclosed in his plea, need not now be determined. We are of opinion that the special case set forth in the plea forms no valid defence to this suit, and that the plaintiff is therefore entitled to judgment.

Judgment for the plaintiff.