CENTER
v.
BILLING-
HURST.

A rule to shew cause.(*b*)

CENTER *against* BILLINGHURST.

H. B. DAVIS, for the defendant, moved to set aside the execution, which was *tested* the 17*th of August last.* The plaintiff *died* the 14*th* of the same month, of which the defendant was informed, for the first time, on the 1*st* day of *February* last.

An execution tested after the plaintiff's death, is irregular, but may be amended. It may be issued after his death, if tested before. As between the *parties*, &c. it relates to the *test ;* though otherwise, as to *purchasers*. The failure of consideration is no defence to an action on a specialty.

The judgment was recovered upon a bond, for the consideration money of land, purchased of the plaintiff by the defendant, the title to which had failed, as he had lately heard and believed.

*Davis*, insisted that where the plaintiff dies before execution, it cannot issue until *scire facias*, and judgment in favour of his representative. Here, the execution not only *issues*, but is *tested* after the plaintiff's death. And, to shew that this was irregular, he referred to *Tidd*, 915, 916, and cases there cited, and 6 *T. R.* 368. And though this *test* is in term, it shall not relate to the first day thereof, so as to *overreach* the plaintiff's death. The term shall not be esteemed one day for the purposes of a test. (1 *Wils. Rep.* 42.)

*E. Williams*, contra, moved to amend, by altering the *test* to some day in term, previous to the 14*th* of *August*.

*Davis*, said this could not be done. That this case differed materially from the one mentioned in the books, of an execution tested before, though issued after the death of a *defendant*. For here, the authority of the attorney, who issues the execution, is revoked by the *plaintiff's* death.

*Curia.* As *between the parties*, the execution has relation to its *test*. (*Tidd*, 915.) The statute (*Sess.* 36, *ch.* 50, *s.* 6, 1 *R. L.* 501,) was intended for the benefit of *purchasers*, and does not alter the common law, as to the *party*, or his *personal representatives*. (*Horton* v. *Ruesby*, *Comb.* 33.) (*a*) Accordingly, an execution, tested *before* the party's death, is regular, though it issue *afterwards ;* and this rule extends to both parties. (*Cleve* v. *Veer*, *Cro. Car.* 459. *Croke arguendo*.) (*b*) This execution is irregular, as being tested *after*

(*a*) In this case, " Sir *G. Treby*, (*ut amicus curiæ*,) said he was present at the making of the said statute," (the 29 *Car.* 2. *c.* 3, *s.* 16, *from which ours is copied*,) " and that was the intention of the parliament."

(*b*) He says, " It is the common course, if a *capias ad satisfaciendum*, or a *fieri facias* upon a judgment, issueth, the Sheriff shall execute it, although the party who sued it died before the *return* of the writ ; and although the death be before or after the execution, if it be after the *test* of the writ, it is well enough."

the plaintiff's death. (*Heapy* v. *Parris*, 6 *T. R.* 368.) But we think it may be amended. Here are no equitable circumstances, precluding an amendment. The failure of title would have been no defence to the action on the bond ;(*c*) and if otherwise, it is too loosely made out to be noticed here. And the rule to amend is granted, on payment of costs.

(*c*) *Vrooman* v. *Phelps*, 2 *John. Rep.* 177. *Dorlon* v. *Sammis*, *id.* 179, in note. *Valkenburgh* v. *Rouk*, 12 *John. Rep.* 337.