Wood, judge,
stated the case and delivered the opinion of the court:
The plaintiff in his declaration counts on a sealed note, bearing date July 20, 1827, for the sum of five hundred dollars, payable on or before the 15th of November next after its date. To this declaration the defendant has filed a special plea in bar that the said note was “ obtained from the said Stotts by the said Saunders, and others in collusion with him, by fraud, covin, arid misrepresentation.”- 2. Plea, non est factum. To the special plea there is a general demurrer and joinder.
The only inquiry is, can the special plea be sustained? That fraud is a defense at law is not now to be considered as an open question. It has been settled by numerous adjudications. So far -has the principle been carried, that in a court of equity a defendant will not be relieved against a penal bond, obtained from him by fraud, if he has neglected to make his defense at law. 2 Ohio, 7.
But to avoid a deed, it is claimed the only fraud which can be pleaded at law is fraud in its execution, such as its fraudulent reading, the substitution of one instrument for another, or the obtaining by some devise or fraudulent representation such an instrument as the party did not intend to give. This is’doubtless the law on the subject. 2 Johns. 177; 13 Johns. 430 ; Hall, 446. Let us apply this law to the case before us. The defendant has *386 plead that the note was obtained by “fraud, covin, and misrepresentation.” The counsel for the plaintiff claim that this plea is-bad because it does not set out the facts and circumstances on which the fraud arises, and that it is uncertain from the plea whether the fraud, covin, and misrepresentation it sets up have-381] reference to the inducements *to the execution of the note,, or the execution itself. This may be answered thus: that fraud is a mixed question of law and fact; that it consists of a multiplicity of circumstances, and therefore might be inconvenient to-require’them to be set forth. 2 Mau. & Sel. 377. That there are many precedents, directly in point, which are evidence that, the law holds such general allegation of fraud and covin sufficient. In Will. Pr. 93, the pleader is advised to add a plea of fraud and covin generally, omitting a statement of the particular misrepresentations. Several authorities are cited to sustain such position. 13 Johns. 430, it is true, is said by the author to be against the sufficiency of such plea; but with diie respect for his accuracy, I am led to a different conclusion. I find nothing in that case against the sufficiency of such plea as he advises the pleader to add. The action was debt on a bond. The defendant craved oyer, and set out the condition, and filed a special plea setting forth divers fraudulent statements and misrepresentations, all of which were inducements to the making of the bond, but none of them had any relation to a bearing upon its actual execution. The plaintiff demurred specially, and the court determined the plea was bad; that the fraud alleged was in the representation of the thing for which the bond was taken, and did not by the plaintiff’s own showing relate to the execution of the bond. In this very case it is also worthy of remark that there is a third plea of fraud in obtaining the bond generally, to which there is a replication; and from anything to be gathered from the case, was considered by all concerned as a good plea. I have been more particular in this case because the plaintiff’s counsel say it is the authority on which they mainly rely to support their position that the plea here filed is bad. I think it is entitled, at least, to some consideration, as an authority for the defendants.
It is said that this plea affords no notice to the opposite party, whether it is fraud in the execution of the note, or only misrepresentations which were the inducement to make it; which only amount to a want of consideration, and are no defense to a valid *387 instrument. It would seem to me this objection, on general-demurrer, at least, is not well taken. The very nature of a valid instrument precludes an inquiry into the want of consideration; any representations made, therefore, to induce its execution, as to the nature or quality *of property for which it is given, [382 and which do not amount to fraud in the execution itself, are settled by the law not to be the subject of inquiry. The plaintiff . could not, therefore, be misled by supposing the inquiry, under the plea, would be a species of fraud, which the law would not permit on this trial to be investigated.
It is clear, then, that no other construction can be given to this plea than that the fraud, covin, and collusion it sets up, or such as relate to the execution of the note, and in this particular the plea is sufficiently certain. Is this plea bad because it does not aver the acts which constitute the fraud? The current of authority is certainly the other way. In 2 Hall, 434, there is a replication to-a special plea in bar, setting up that a deed of release was obtained by fraud and covin; this replication was treated as sufficient although so general and broad in its allegation, for the defendant-in his rejoinder took issue upon it. There are many precedents of high authority in the books to support this plea, and we think it sufficient to bar the plaintiff’s right of recovery.
One point more remains to be disposed of. The plaintiff’s counsel claim that if it is fraud in the execution of the contract, on which the defendant’s counsel rely, that such fraud may be-given in evidence, under the general issue of non est factum, and therefore the plea amounts only to the general issue, and must be held bad. If the counsel are correct on both points of law, their reasoning has nevertheless more ingenuity than solidity, in its application to this case. In assumpsit, payment, award and satisfaction, a release, discharge, and until the case of Imman v. Jenkins, a former recovery, might be given in evidence under the general issue. Either of these grounds of defense might be amounting to nothing more than tho general issue. Fraud may pleaded, and the plea, I apprehend, would not be rejected as be plead here, but because it may be given in evidence, it by no means converts the plea into the general issue. On all the points made, the plea is held sufficient, and the demurrer is overruled-There is an issue of fact for the jury.