Judge Marshall
delivered the Opinion, of the Court.-
Br the note sued on, the defendant promised to pay to the plaintiff the sum of one hundred-dollars “for and. in consideration of professional services- rendered by him” &c. &c. The plea is, that the-“note was procured from the defendant, and she was induced to sign it, by the fraud, misrepresentation and covin- of the plaintiff.”— We are of the opinion that this plea, and the verdict of r r 7 *460 the jury, finding for the defendant, is unsupported'-by the evidence.
instructions; given, are not in the record. But it is clear,, that the verdict, or the instructions — or both, must-have been wrong: the judgment therefore-reversed.
It clearly appears, that before-signing the note;, the defendant read it,, and- knew that it purported to be a note- for one hundred dollars. The proof is, that she objected to- the amount as too.high; whereupon- the-plaintiff made some- statement, the truth of which is-not-questioned, of the- services which he had rendered, and promised future attention until the suits on hand should be determined;; — but that some months afterwards, he> was- appointed a judge, and failed thenceforth to give any attention to the business; so that the defendant had to employ other counsel, to- whom she paid fifty dollars-for services in the- same suits, or one of them. And it was proved, that she-had paid- fifty dollars to the plaintiff,, which wras credited upon the note in question.
It is probable, that the promise of future service operated. as a part of the- inducement under which the defendant executed- the note. But the proof does not conduce to show, that this promise was made fraudulently, or with any intention of failing to perform it. And the actual, failure, of the plaintiff to continue his services, in consequence of his appointment as a judge, cannot infect the original transaction with fraud. The utmost effect which , can be given to the facts proved, is that they show a partial failure of consideration, which is not available as a> defence’.in this action.
The record shows that instructions were given to the , jury, but the instructions themselves are stated to have been lost,.and their purport is not set forth. It is obvious, however, from the view which has been taken, that if the Court expounded the law pi*operly to the jury, they were bound to find for the plaintiff, and their verdict for the defendant should; in- that case, have been set aside, as being contrary to the instructions of the Court; or, if the Court instructed' the jury improperly as to the law of the case, the verdict should have been set aside for the error in the instructions.
In either event, a new trial should have been awarded. Wherefore, the judgment is reversed, and the cause remanded, for a new-trial', in. conformity with this opinion..