## HOITT *v.* HOLCOMB & a.

Fraud vitiates all contracts into which it enters, whether they are verbal, written, under seal, or of record; as well as the records and judgments of courts.

The fraud must be in a point material to the contract, but it is immaterial whether it relates to the consideration, or the execution of the contract.

The rule is the same, whether the contract is by parol, or is under seal; the seal makes no difference.

Want or failure of consideration is no defence to an action upon a sealed instrument; but fraud, which is a matter entirely different from want or failure of consideration, is a good defence, either on *non est factum*, or on a general or special plea of fraud.

A replication to a plea of release, that the release was obtained by fraud and misrepresentation of the defendant, without setting out the particulars of the fraud, is good.

A replication of fraud to a plea of release is sufficient, if the false representation is shown to be made *fraudulently*, or knowing it to be false, if it is shown or appears to be in relation to a point material to the contract, and not equally in the knowledge, or open to the knowledge of both parties, and that the plaintiff relied upon it, and was deceived and imposed upon by it.

DEBT, upon a bond, against ten defendants, who plead severally the same plea, to each of which the same replications are filed. The defendants each join issue to the first replications, and to the other replications demurrers are joined.

Holcomb's plea is as follows; "And the said Enoch Holcomb comes and defends, &c., when, &c., and craves oyer of said supposed writing obligatory in said declaration mentioned, and it is read to him in the words following:

"Know all men by these presents that we Enoch Holcomb, of, &c., as principal, and Benjamin Hanson, &c., as sureties, are holden and stand firmly bound to Gorham W. Hoitt, sheriff of the county of Strafford aforesaid, in the sum of thirty thousand dollars; to be paid to the said Gorham W. Hoitt, his attorney, executors, administrators or assigns, to the which payment well and truly to be made, we hereby jointly and severally bind ourselves, our heirs, executors and administrators, respectively, firmly by these presents, sealed with our seals and dated this thir-

teenth day of July, in the year of our Lord one thousand eight hundred and forty-six.

" And the said Enoch Holcomb craves oyer of the condition of said supposed writing obligatory, in said declaration mentioned, and it is read to him in the words following :

" The condition of this obligation is such, that if the said Enoch Holcomb, who is appointed by said Gorham W. Hoitt a deputy sheriff of said county of Strafford, shall well and faithfully discharge and perform all the duties of a deputy sheriff, and if the said obligators shall well and truly indemnify and save harmless the said Gorham W. Hoitt from all loss, damages and cost, that may happen to him by reason of the acts, *feasances, nonfeasances, misfeasances,* or neglects of him the said Enoch Holcomb in his said office of deputy sheriff as aforesaid, and if the said Enoch Holcomb shall attend the court of common pleas for said county, on the first day of each session thereof, and shall on each of said days and on the first day of September every year, and as much oftener as shall be required, and at the expiration of his said term of office, render to the said Gorham W. Hoitt under oath, a true account of all fees, which the said Enoch Holcomb shall have received, or which shall accrue to him by virtue of his said office for the travel, service and levy of all writs of mesne process, and shall pay the said Gorham W. Hoitt twenty per cent. on the amount of said fees, at the time of exhibiting his account as aforesaid, then this obligation shall be void, otherwise remain in full force."

" Which being read and heard, the said Enoch Holcomb says, that the said Hoitt his action aforesaid thereof in manner aforesaid ought not to have or maintain against him the said Enoch Holcomb, because he says that after making of the said several promises and undertakings in said declaration mentioned, and before the commencement of this suit, to wit, on, &c., at, &c., by his certain writing of release, sealed with his seal and now shown to said court here, the date whereof is, &c., did release to said Joseph Montgomery, who signed and sealed said writing obligatory, in said declaration mentioned, all suits, promises and demands, which said Hoitt had or could claim against said Mont-

gomery, and especially from all liability as bondsman for said
Enoch Holcomb, as a deputy sheriff of the county of Strafford,
said liability being upon said bond, dated July 13th, 1846, and
this the said Enoch Holcomb is ready to verify.

" Wherefore the said Holcomb prays judgment and if the plain-
tiff his action aforesaid thereof in manner aforesaid against him
ought to have or maintain, and for his costs."

Replications, *Non est factum*, and issue.

" And for further replication in this behalf, by leave of court
for that purpose first had and obtained, and in pursuance of the
statute in such case made and provided, the said Gorham W.
Hoitt says, that notwithstanding anything by the said Enoch Hol-
comb above in his plea in bar alleged, he ought not to be pre-
cluded from having and maintaining his action aforesaid against
the said Enoch Holcomb, because he says that the said supposed
writing of release in the said plea mentioned, was had and ob-
tained from him the said Gorham W. Hoitt by the said Joseph
Montgomery, by fraud, covin and misrepresentation, to wit : at,
&c., on, &c., wherefore the said Gorham W. Hoitt saith that
said writing of release, in said plea mentioned, was and is void in
law, and this he the said Gorham W. Hoitt is ready to verify.
Wherefore he prays judgment, and his said debt to be adjudged
to him and for his costs."

" And for further replication in this behalf by leave, &c., and
in pursuance of, &c., the said Gorham W. Hoitt says, that not-
withstanding anything by the said Enoch Holcomb above in his
plea in bar alleged, he ought not to be precluded from having
and maintaining his action aforesaid against the said Enoch Hol-
comb, because he says that the said supposed writing of release,
in the said plea mentioned, was had and obtained from him, the
said Gorham W. Hoitt, by the said Joseph Montgomery, by fraud,
covin and misrepresentation, that is to say by the said Joseph
Montgomery at, &c., on, &c., aforesaid, falsely and fraudulently
representing to said Gorham W. Hoitt, that said Enoch Hol-
comb, the principal on said bond declared upon, was not then in
default in his office of deputy of said Gorham W. Hoitt, sheriff
as aforesaid, and that there had not at said time been any breach

of the condition of said bond, or forfeiture of said condition by the acts, feasances, nonfeasances, misfeasances, or neglects of him the said Enoch Holcomb, deputy sheriff as aforesaid, and that said Holcomb, as such deputy sheriff, had paid over all money by him collected and received by virtue of his said office of deputy sheriff, faithfully and promptly to the persons legally entitled to the same, and that said Gorham W. Hoitt would be safe in executing and giving him the said Joseph Montgomery the said writing of release, whereas in truth and fact said Holcomb in his said office of deputy sheriff, at the time aforesaid, had committed divers breaches of the condition of said bond, and had neglected to settle, account for, and pay over to the persons legally entitled to the same, large sums of money by him as deputy sheriff before that time received and collected on account of certain precepts in his hands, before that time by him levied and served in his said office of deputy sheriff, as by law he was bound and ought to have done, to wit : the sum of two hundred sixteen dollars and fifty-one cents, on the second day of June, in the year of our Lord one thousand eight hundred and forty-seven, at Somersworth, in said county of Strafford, collected and received by said Holcomb, as deputy sheriff, as aforesaid, on a writ of execution which issued from the court of common pleas for said county of Strafford, on the thirty-first day of May, in the year of our Lord one thousand eight hundred and forty-seven, in favor of the Savings Bank for the county of Strafford against one John S. Pinkham, returnable to said court of common pleas on the first Tuesday of August then next, &c., which said sums, received as aforesaid by the said Holcomb as deputy sheriff on the executions aforesaid, he the said Holcomb never paid to the creditors, as commanded in said writs of execution, nor to any other persons legally entitled to receive the same, as by law he was bound and ought to have done ; and said writing of release was then and there by said Hoitt executed and delivered to said Joseph Montgomery in confidence of and by reason of said representations by the said Montgomery, then and there made as aforesaid. Wherefore the said Gorham W. Hoitt saith that said writing of release in said plea mentioned was and is void in law,

Hoitt v. Holcomb.

and this the said Hoitt is ready to verify. Wherefore he prays judgment and his said debt to be adjudged to him and for his costs."

"And for further replication in this behalf, by leave, &c., and in pursuance, &c., the said Gorham W. Hoitt says, that notwithstanding anything by the said Enoch Holcomb, above in his plea in bar alleged, he ought not to be precluded from having and maintaining his action aforesaid against the said Enoch Holcomb, because he says that the said supposed writing of release, in the said plea mentioned, was had and obtained from him, the said Gorham W. Hoitt, by the said Joseph Montgomery, by fraud, covin and misrepresentation, at, &c., on, &c., by falsely and fraudulently representing to the said Gorham W. Hoitt that said Enoch Holcomb, the principal on said bond declared upon, was not then in default in his office of deputy of said Gorham W. Hoitt, sheriff as aforesaid, and that there had not, at said time, been any breach of the condition of said bond, or forfeiture of the said condition by the acts, feasances, nonfeasances, misfeasances, or neglects of him the said Enoch Holcomb, deputy sheriff as aforesaid, and that said Holcomb, as such deputy sheriff had paid over all money by him collected and received by virtue of his office of deputy sheriff, faithfully and promptly, to the persons legally entitled to the same, and that said Gorham W. Hoitt would be safe in executing and giving him the said Joseph Montgomery the said writing of release. Whereas, in truth and fact, said Holcomb in his said office of deputy at the time aforesaid had committed divers breaches of the condition of said bond and had neglected to settle, account for and pay over to the persons legally entitled to the same, large sums of money by him as deputy sheriff, before that time received and collected on account of certain precepts in his hands, before that time by him levied and served in his said office of deputy sheriff, as by law he was bound and ought to have done. And said writing of release was then and there by said Hoitt executed and delivered to said Montgomery, in confidence of, and by reason of, said representations by the said Montgomery then and there made as aforesaid, wherefore the said Gorham W. Hoitt saith that the

said writing of release, in said plea mentioned, was and is void in law, and this the said Hoitt is ready to verify. Wherefore he prays judgment and his said debt to be adjudged to him and for his costs.

By his Attorneys, MARSTON & EASTMAN."

To these replications a special demurrer was filed, but the causes are not material to be stated.

*Hobbs,* (with whom were *N. Wells, Jordan, Hale,* and *J. Parker,*) for the defendants.

The release of one of several joint obligors is a release of all. To this, authorities need not be cited. The principle is in fact admitted by the replications.

But the plaintiff denies that the release is vaild as to Montgomery. He sues him, with the rest of the obligors, and alleges that the release was procured by fraud. His replications are insufficient for several reasons.

I. The second replication sets forth no act of fraud, nor that the plaintiff relied upon any act or representation of Montgomery in making the release. The fraud must be set out, in order that the court may judge whether the matter charged amounts to fraud, and also whether if there be fraud, it is in the execution or in the consideration. If there is fraud, it was by Montgomery upon the plaintiff, and the plaintiff has knowledge what it was; and in this respect the case is different from one where the alleged fraud was in a transaction between third persons. There can have been no fraud in procuring the release, unless the plaintiff relied, in some way, upon the representations or acts of Montgomery, or placed confidence in him; and this should be averred. 6 Cl. & Fin., 444, 447, 488, 516; 1 Story Eq. Jur., § 205, &c. But it is not to be intended from anything alleged in the second replication, that he did so.]

The soundness of the objection to the second replication will appear further from the objection to the others.

Chitty (if he is relied on) is not sustained in his proposition that it is unnecessary to state the particulars of the fraud.

II. If there was any fraud alleged in the third and fourth

replications, it is fraud in the consideration, and not in the execution; and this is not sufficient at law. This is a good exception where there is an equity jurisdiction with power to relieve against fraud, as in New-Hampshire, however it may have been held in a jurisdiction where the matter can only be relieved at law, and where therefore the courts of law do imperfect equity, as far as their forms admit. *Vrooman* v. *Phelps*, 2 Johns., 177; *Dorr* v. *Munsell*, 13 Johns., 430; *Franchot* v. *Leach*, 5 Cowen, 506; *Champion* v. *White*, 6 Cowen, 509; *Taylor* v. *King*, 6 Munf., 358, 366; *Asterbaut* v. *Shoemaker*, 3 Hill's N. Y., 513.

It has been held generally that a party cannot avoid a speciality at law, by pleading that it was obtained by fraudulent misrepresentations. *Wyche* v. *McLin*, 2 Rand., 426, and see *Mease* v. *Mease*, Cowp., 47.

III.  But the special replications do not allege anything that amounts to fraud, even in the consideration.

1.  Because the fact or question, whether Holcomb had fulfilled or not, was no part of even the consideration for the release, which for aught which is alleged, was and is to be taken to be upon sufficient consideration. Such a representation as is set forth, had none of the elements of a consideration. If not true, it was, at most, a falsehood in a matter not passing between these parties, and therefore forming no part of the consideration. Ch. Con., 681.

2.  Because, if not true, the representation was not fraudulent, unless its falsity was known to Montgomery at the time; and no *scienter* is alleged or pretended. *McDonald* v. *Trafton*, 15 Maine, 225; *Early* v. *Garrett*, 9 B. & C., 928; *Edmunds* v. *McLeary*, 2 Swan., 289; Ch. Con., 683; *Small* v. *Atwood*, 1 Young, 461, 462, 487; *Atwood* v. *Small*, 6 Cl. & Fin., 233, 330, 395, 396, 444, 445, 449, 450, 502.

3.  The alleged representation was in relation to a matter respecting which Montgomery could not have had actual knowledge, and this must have been understood by the plaintiff. The plaintiff had equal means of knowledge with Montgomery. Better, in fact. He had therefore no right to rely upon and could not have relied upon the alleged representations. He only alleges that he executed the release in confidence of them.

But being in relation to a matter of fact equally open to the inquiries of both parties and in regard to which neither could be supposed to trust the other, it is so far from furnishing a defence at law, that equity would not relieve. 1 Story Eq. Jur., § § 146, 150, 191, 197 ; *Hough* v. *Richardson*, 3 Story's C. C. Rep., 690; Ch. Con., 681 ; 6 Cl. & Fin., 339, 340, 446, 447.

The representations that the deputy had settled all demands, if made, was one to put the plaintiff on inquiry, and not one to which he could have understood he was to trust as an assertion of the fact. This appears from the nature of the case. *Train er* v. *Newcome*, 3 Mer., 704 ; *Scott* v. *Hanson*, 1 Sim., 14 ; *Haycroft* v. *Creasey*, 2 East., 92.

*Christie,* (with whom were *Marston,* and *Eastman,* and *J. S. Wells*,) for the plaintiff.

In support of the second replication, we say : the general allegation of fraud is sufficient, where the fraud relates to some particular act. It is so held in New-Jersey, *Mason* v. *Evans*, 1 Coxe, 182 ; 6 Halst., 110 ; in Pennsylvania, *Stubbs, adm'r* v. *King,* 14 Serg. & Rawle, 208 ; 10 Serg. & Rawle, 25 ; in Indiana, *Pierce* v. *Smock*, 2 Blackf., 316 ; in Miss., *Pemberton* v. *Staples*, 6 Miss. Rep., 59, and also in several leading English cases. The precedent for such a general replication of fraud to a plea of release, is given, 2 Ch. Pl., 1158, and the doctrine is laid down at length, 1 Ch. Pl., 536, and authorities cited to sustain it.

Such a general replication is used in *Webb* v. *Steele*, 13 N. H. Rep., 231 ; and in *Dorr* v. *Munsell*, 13 Johns., 430, in both which cases, issue was joined, and no objection taken to the manner of pleading. So also in *Daranda* v. *Houston*, 6 C. & P., 511 ; *Humphrey* v. *Rigley*, 2 Ch. R., 298, and 5 M. & S., 60. This point was expressly decided in *Tresham's case*, 9 Co. Rep., 110, and in *Knight* v. *Peachy*, T. Ray, 303. See also *Wimbish* v. *Tailbois*, Pl. Com., 54 ; *Hill* v. *Montague*, 2 Maul. & Selw., 378 ; 3 Went. Ind., 12.

We give the following abstract of these cases, and authorities. " A plea, that a bond was obtained by fraud, generally, is a

good plea. When the particular act of fraud is referred to, the general plea is sufficient." *Mason* v. *Evans*, 1 Coxe, 182.

" In this case it was resolved, that the general objection of fraud, in the case was sufficient." *Tresham's case*, 9 Co. Rep., 110.

" The general averment of covin is good, without any special cause shown." *Wimbish* v. *Tailbois*, Pl. Com., 54.

" A replication that an assignment was made by covin and fraud, to cheat the plaintiff was held good." *Knight* v. *Peachy*, T. Ray., 303.

" A general plea to an action on a bond, that the bond was obtained by fraud and covin, without setting out the particulars of the fraud, is good." *Pierce* v. *Smock*, 2 Blackf., 316.

" Fraud is a good defence at law ; and it is sufficient to allege fraud generally in a plea." *Pemberton* v. *Staples*, 6 Miss., 57.

" A general plea that a deed was ' obtained by the plaintiff by fraud and misrepresentation ' has been holden sufficient, on the ground that fraud usually consists of a multiplicity of circumstances, and therefore it might be inconvenient to require them to be particularly set forth." 1 Ch. Pl., 536, (ed. 1840 ;) 2 M. & S., 378, *per* Lord *Ellenborough*.

" To a plea of release, plaintiff may reply *non est factum*, or that it was obtained by fraud or duress, and it is in general unnecessary to state the particulars of the fraud." 1 Ch. Pl., 553, (ed. 1809.)

2. To the fourth cause of demurrer assigned, viz : " that the second replication amounts to no more than the plea of *non est factum*," we say : A plea, which admits the execution of the instrument, and sets up matter in avoidance, is not objectionable, as amounting to the general issue. *Thomas* v. *Page*, 3 McLean, 167 ; *Page* v. *Prentice*, 6 Blackf., 322.

3. It was not necessary to allege a *scienter* in the third and fourth replications, because the terms "*fraud*" and " *misrepresentation*" import an intention to deceive, and imply a knowledge of the falsity in law. Bouvier's Law Dict., Articles *Fraud* and *Misrepresentation* ; *Haycroft* v. *Creasey*, 2 East., 108.

4. Courts of law have set aside contracts and specialties in

numerous instances, for fraud in the consideration. *Cooling* v. *Noyes*, 6 D. & E., 264; *Armstrong* v. *Hobbs*, 1 Coxe, 178; *Colburn* v. *Mathews*, 2 Rich., 386; 1 Bay, 278; 2 Bay, 11; 1 Dall., 17.

5. Courts of law and courts of equity have concurrent jurisdiction in matters of fraud, and will give relief.

"Fraud or covin, may, in judgment of law, avoid every kind of act." *Tresham's case*, 9 Co. Rep., 110.

"Courts of equity and courts of law have a concurrent jurisdiction, to suppress and relieve against fraud." 1 Burr, 396, 397.

"Fraud avoids a contract *ab initio*, both in law and in equity." Ch. Con., 678.

"Where a fraudulent release is set up to a just debt, it would, it seems, be both inconvenient and inconsistent to prevent the plaintiff from defeating the instrument, merely because the party might obtain a remedy in equity; and when it is very possible that a court of equity might again send the party to law, to have his case tried by a jury. If the party is willing to waive the advantage a court of equity would give him, there seems to be no reason, why he should not impeach the deed for fraud, by evidence upon the trial. 2 Saun. Pl. & Ev., 321; 3 Stark. Ev., 1294.

6. The acts alleged amount to fraud. "Fraud is of various kinds; but it generally consists either in the misrepresentation or the concealment of a material fact." Ch. Con., 681.

"*Suppressio veri* or *suggestio falsi* is each of them a good reason to set aside any deed or conveyance." 1 P. W., 240; 1 Scho. & Lef., 209; 3 Esp. Rep., 234; Com. Dig. Chancery, 4, L. 1; 1 Vern., 20; 2 P. W., 240.

"A misapprehension in a party shall avoid his release." *Luxford's case*, cited 1 Vern., 32; *Gee* v. *Spencer*, Cas. in Chan. 47; Com. Dig. Chancery, 2 T., 3, 4 L., 2.

"Misrepresentations by which one obtains a bargain disadvantageous to the other party, and *which might have been detected*, will form a ground in equity, for setting aside a conveyance." *McAllister* v. *Barry*, 2 Hayw., 299; Com. Dig. Chancery, 2 C., 12; 3 Atk., 383; 1 Fonb. Eq., 122.

*Marston,* and *Eastman,* on the same side.

I.   The second replication of the plaintiff to the defendants' plea is sufficient in law for the plaintiff to maintain his action. A general plea of fraud, covin and misrepresentation is good. 1 Ch. Pl., 570 ; 2 Ch. Pl., 495, note ; 6 Com. Dig., 60, Pleader.   In *Hill* v. *Montague,* 2 M. & S., 377, Lord *Ellenborough,* C. J., says: " Fraud and covin usually consist of a multiplicity of circumstances, and therefore it might be inconvenient to require them to be particularly set forth."   A plea that a bond was obtained by *fraud generally,* is a good plea.   *Mason* v. *Evans,* Coxe, 182.   A general plea to an action on a bond, that the bond has been obtained by fraud and covin, without setting out the particulars of the fraud, is good.   *Pierce* v. *Smock,* 2 Blackf., 316.   Archbold's Nisi Prius, 318, after giving the form of general plea of fraud, covin and misrepresentation, says, " If the particulars of the fraud, covin and misrepresentation can conveniently be set out, it is perhaps better to do so.   Some precedents have it so," but gives none but the general form.

In *Webb* v. *Steele,* 13 N. H. Rep., 230, the general plea of fraud and covin was used without objection to the form of the plea.

Precedents of general pleas of fraud, &c., are found in 3 Ch. Pl., 563 ; 1 Arch. N. P., 159, (2d Ed., 188 ;) ib., 316, (2d Ed., 318 ;) 2 Ch. Pl., 629.

II.   The fraud alleged in the third and fourth replications is not strictly fraud in the consideration.   It is rather fraud practised upon the plaintiff as inducement or motive to perform an act, which he otherwise would not have performed, and by being thus misled, has received injury.   For this he has his remedy at law as well as in equity.   " When fraudulent release is set up in answer to a just debt, it would, it seems, be both inconvenient and inconsistent to prevent the plaintiff from defeating the instrument by proof of fraud, merely because the party might possibly obtain a remedy in equity, and when it is very possible, that a court of equity might (the party guilty of fraud denying it on his oath,) again send the plaintiff to law to have his case tried by a jury.   The party may, by recourse to

a court of equity, obtain an answer from his adversary on oath, an advantage, which he could not obtain at law, but if he choose to waive that advantage, there seems to be no reason in law or equity, why he should not impeach the deed for fraud, by evidence upon the trial. 3 Stark. Ev., 1294 ; 2 Saund. Pl. & Ev., 759.

" Every kind of fraud is equally cognizable in a court of law, and some kinds are cognizable only there." 3 Black. Com., 431 ; 3 Bac. Ab., 321, title Fraud ; 1 Burr. 396 ; 2 Term Rep., 763 ; 3 Term Rep., 551.

When a court of chancery has decreed a deed to be set aside for fraud and imposition, it would be equally set aside at law, upon pleading it ; for courts of law relieve by making void the instrument obtained by fraud. 2 Ves., Jr. 295. Equity relieves from contracts obtained by fraud. Law makes the fraudulent act void. Fraud may be inquired into as well at law as in equity, and when frauds are clearly established, the courts of law and equity have concurrent jurisdiction. 1 Bar. & Har. Eq. Dig., 566 ; 2 do., 23 ; see also *Sawyer* v. *Bunker*, 12 Peters, 11 ; *U. S.* v. *Spaulding*, 2 Mason, 476 ; 2 U. S. Dig., 675, § § 8 to 12.

The New-York cases cited for the defendants, do not controvert the above authorities, nor sustain the defendants. They are cases where there is a mere failure of consideration. The case in 2 Johns., 177, says "there is no case in which a bond can be set aside, but where the consideration was *void* in law or where there was *fraud* ; a mere failure of consideration is no defence at law."

Where there were verbal misrepresentations in obtaining an insurance it is held, that the fraudulent misrepresentations will avoid the policy as a *fraud*, but not as part of the agreement. *Parson* v. *Watson*, Cowp., 785 ; Story Contracts, 506, note.

It is generally true that a party shall not be permitted to aver against his own deed but the case of *fraud* is always excepted, which vitiates every transaction. *Somes* v. *Brewer*, 2 Pick., 184 ; *Somes* v. *Skinner*, 16 Mass., 348 ; *Bliss* v. *Thompson*, 4 Mass., 488.

The principle that contracts obtained through fraudulent rep-

resentations, are voidable at the election of the party thus de-frauded is *well settled* and this principle is as well applicable to contracts respecting the sale and conveyance of real as of personal estate. *Concord Bank* v. *Gregg*, 14 N. H. Rep., 331.

When a release comes in as a matter of evidence under a brief statement, it may be shown to be fraudulent upon the trial. *Webb* v. *Steele*, 13 N. H. Rep., 230. The release in the above case was under seal. Fraud vitiates all contracts into which it enters. Deeds procured by covin and falsehood as between the parties are as dead as forged deeds. *Jackson* v. *Somerville*, S. C. of Pa., May, 1850, Law Rep., Dec. 1850, 422.

III. The fraudulent representations set out in the third and fourth replications are sufficient to avoid the release set up by the defendants.

" When a party designedly misrepresents a certain fact for the purpose of misleading and imposing upon the other party, to his injury, he is guilty of positive fraud. Story Con., § 506 ; 1 Story Eq. Jur., 192, and numerous cases cited by those authors.

1. The misrepresentation is of something material. It was matter of. great consequence to the plaintiff, whether his deputy was in default in his office ; whether there had been " a breach of the condition of the bond, or forfeiture of said condition by the acts of said deputy ;" and whether said deputy " had paid over all money by him collected by virtue of his office." It was also material to the defendant, Montgomery, as he was bound and obligated to indemnify and save harmless the plaintiff from all loss, damages and cost that should happen to him by reason of the acts, &c., of said deputy.

2. The representations constituted an inducement or motive to the act of the plaintiff, by which he was actually misled to his injury. This is sufficiently alleged in the replication. The plaintiff executed and delivered said writing of release to Montgomery " in confidence of and by reason of these representations." And the injury also appears, to wit : the non-payment of money collected by said Holcomb, as deputy, which as a matter of law the plaintiff would be liable to pay without any remedy on the defaulting deputy or his sureties.

3. It is alleged that Montgomery *falsely* and *fraudulently* represented, &c. This is sufficient, without further allegation that Montgomery knew the falsity of the representations. This appears from the objection of the defendants' counsel in itself. Counsel say — if not true, the representation was not fraudulent, unless its falsity was known to Montgomery at the time. If not fraudulent without knowledge, then the allegation of fraud is sufficient allegation of knowledge, and this position is sustained by authority. *Fraudulenter* without *sciens*, or *sciens* without *fraudulenter*, is sufficient in cases of false representations. *Pasley* v. *Freeman*, 2 Term Rep., 60 ; 6 Com. Dig., 54, Title Pleader.

4. The relation of Montgomery to the deputy, Holcomb, was such, that he, Montgomery, was presumed to know better than the plaintiff the situation of the deputy. Montgomery was severally and jointly bound to the plaintiff, to indemnify him from all damage which might happen to him by reason of the acts of Holcomb, and the plaintiff had no certain means of ascertaining whether the representations were true or false. If an executor of a will should obtain a release from a legatee upon the misreprentation that he had no legacy left him by the will, which was false, or if a devisee should obtain a release from the heir at law upon a representation that the will was duly executed, when it was not, — in each of these cases the release might be set aside for fraud. 1 Story Eq. Jur., § 196. In these cases the *legatee* and *heir* have each of them better means of ascertaining the truth of the representations, than the plaintiff had in this case, for the *record* would show the truth of the matter.

5. The acts of the plaintiff show that he placed confidence in the representations of Montgomery, and this is sufficiently alleged in the replications.

BELL, J. The second replication follows the form given in 2 Ch. Pl., 603, (Day's Ed.,) and 3 Ch. Pl., 563, (Phil. Ed.,) otherwise cited as 3 Ch. Pl., 1158 and 1238, which are referred to, 2 Saund. Pl. & Ev., 758, and given in Arch. N. P., 318, and see 2 Ch. Pl., 464.

In 1 Ch. Pl., 553, the law is stated to be, that "to a plea of

release, he (the plaintiff) may reply, that it was obtained by duress or fraud." Went. Ind., 12, and it is in general unnecessary to state the particulars of the fraud. *Tresham's case,* 9 Co., 110.

*Tresham's case* was an action against an administratrix, in which she pleaded certain outstanding bonds of the deceased, and no assets further : Replication, as to certain of these, that deceased paid them in his lifetime, and that they *per fraudem et covinam* of the administratrix, and to the intent to defraud the plaintiffs of their debt, were kept undischarged and uncancelled. It was resolved that the general allegation of fraud in the case at bar, was sufficient, as it was resolved in *Tailbois case,* that general averment of covin was good, because covin is so secret, whereof by intendment another man can't have knowledge. And if the special matter of covin, which, as it is there held, *ex vi termini* ought to be betwixt two by intendment of law, a stranger can't have knowledge, *a fortiori* in the case of fraud, which may be in the heart of one only, for if one by deed makes a fraudulent gift of his goods to divers, who know not of it, it is a fraud only in him who makes it.

The case of *Wimbish* v. *Tailbois,* Plow. Com., 38, is to the point, that an averment that a recovery in a real action was by covin between the parties, is good ; and the question, whether the covin should not be specially averred, was argued at great length both by the counsel and the court, and it was held, that the covin was well averred without special cause shown.

The case in the Yearbook, 33 Hen. VI., 5, abridged Bro. Ab. Trespass, 26, was trespass *de bonis asportatis.* The defendant pleaded a purchase in market overt. The plaintiff's reply was, that the seller by covin between him and the defendant sold them in said market overt, and it was held that no property passed, and no question made as to the sufficiency of the replication.

The case of *Knight* v. *Peachy,* T. Ray., 303 ; Vent., 329, 331 ; S. C. Anon. ; 2 T. Jon., 199, was thus : In debt for rent against an assignee of lessee, the defendant pleaded an assignment by him to J. S., such a day, and notice to the plaintiff be-

fore any rent accrued. The plaintiff, lessor, replied, that the assignment was to defraud him of his action by fraud and covin. The defendant demurred, and it was urged, that fraud is not to be averred in this case, for the assignment was a lawful act; but it was answered, that fraud and covin made legal acts illegal and void. Judgment for the plaintiff, *Scroggs*, C. J. *diss.*

In *Daniels* v. *Coombe*, 2 Scott N. R., 597, in an action against a third indorser by a remote endorsee of a bill of exchange, defendant the pleaded, that he was induced to indorse the bill by the fraud, covin and misrepresentation of the plaintiff and two others of the indorsers, and other persons in collusion with them, and without value or consideration. The replication traversed the alleged fraud, covin and misrepresentation. To this there was a special demurrer, and the replication held good. It seems no question was made of the sufficiency of the plea.

In *Sherwood* v. *Jonson*, 1 Wend., 443, it was held, that in a replication to a plea by an executor, of an outstanding judgment and no assets further, that the judgment was fraudulently obtained, it is sufficient to allege fraud and covin generally, without showing the fraud specially. This is the same point raised and so decided in *Tresham's case.*

In *Pierce* v. *Smock*, 2 Blackf., 316, a general plea to an action on a bond, that the bond was obtained by fraud and covin, without setting out the particulars of the fraud, was held good.

In *Mason* v. *Evans*, Coxe, 182, it was held, that a plea, that a bond was obtained by fraud generally, is a good plea.

In *Pemberton* v. *Staples*, 6 Miss., 59, it was held, fraud is a good defence at law, and it is sufficient to allege fraud generally in a plea.

In *Stower* v. *Wier*, 10 S. & R., 25, in debt on a single bill, the defendant pleaded, that the instrument was obtained from him by fraud. The plaintiff replied that it was the defendant's deed. It was held after verdict for the plaintiffs, that the plea was in the nature of a special *non est factum*, and the issue well joined, and the judgment regular.

In *Potter* v. *Wibb*, 2 Greenl. Rep., 257, in a *sciré faciás* for further execution on a judgment on a probate bond, a plea by

the sureties, that the decree was obtained by fraud and collusion, without naming the parties to the fraud, was held bad.

Pleas in this general form are found in *Crail* v. *D'Acth,* 7 D. & E., 670, (b.); *Hamfray* v. *Rigby,* 5 M. & S. 60.; *Green* v. *Gadsden,* 4 Scott, N. R., 13; 5 Jur., 1010; *Cornfoote* v. *Fowke,* 6 M. & W., 358; 4 Jur., 918; *Webb* v. *Steele,* 13 N. H. Rep., 230; and *Hewett* v. *Bronaugh,* 3 Dana, 459; in which no exception was taken on account of this general form.

This form of pleading seems to us well sustained by the decisions of ancient and modern times, by the books of precedents, and usage of the profession, as well as by the reason of the case. The defence of fraud may be shown in assumpsit under the general issue. Lawes Pl., in Asst., 586; 3 Ph. Ev., 88; Ch. Con., 295; 2 Kent Com., 482; or if the document is put in evidence under the general issue, fraud in it may be shown by parol evidence.

So fraud in any sealed instrument may be shown under the plea of *non est factum. Anon.* Lofft., 457; 1 Tidd's Pr., 595; *Whelpdale's case,* 5 Co., 119; 2 Wils., 341; *Vine* v. *Mitchell,* 1 M. & R., 337; 2 Greenl. Ev., § 246; *Van Valkenburg* v. *Rouk,* 12 Johns., 337; *Candy* v. *Twitchell,* 2 Root, 123; *Ragsdale* v. *Thorn,* 1 McMull., 335. There would seem to be a very useless refinement, to require that the precise facts, by which the fraud was effected, should be stated in a special plea, when they are equally available under the general issue. Especially as it is never necessary to plead fraud, which is but a special *non est factum. Bickford* v. *Daniels,* 2 N. H. Rep., 74; 10 S. & R., 25; *Union Bank* v. *Ridgeley,* 1 H. & G., 324.

The third and fourth replications follow the form in 2 Ch. Pl., 464, (Day's Ed.,) a plea that a deed was obtained by fraud, also given in Hurlstone on Bonds, 191.

The particular facts to be set out in the plea, as the matters by which the fraud was accomplished, must of course vary in each particular case; and in deciding upon the sufficiency of the statement of them, we have to consider, what is the nature of the misrepresentations, which are required to support the charge

of fraud. Such misrepresentations are usually, either the *allegatio falsi*, or the *suppressio veri*. The first of these, the misstatement of facts, must be a statement of what is false, and known to be such, or not known to be true to the fraudulent party; in a point material to the contract to be made; in relation to a matter not equally within the knowledge of the party imposed upon; which he did in fact rely upon; and by which he is actually misled and deceived to his injury. The second, the suppression of fact, must be of a matter material to the contract; known to the fraudulent party and not known to the other, nor equally open to be known; which was either kept out of sight by artifice, or was such as the injured party had a right to expect the other to state; and by the ignorance of which, he was deceived and imposed upon. 1 Story Eq. Jur., § 200, &c.; 1 Mad. Ch., 262, &c.

Upon comparing the first of these with the allegations of the third and fourth replications, we think these pleadings contain all that is necessary to be alleged. The misstatements are clearly stated, and their materiality is apparent upon the pleadings. The knowledge in regard to these facts cannot be reasonably supposed to have been in possession of the plaintiff, especially when it is stated, that he confided in the statements made to him, and it is sufficiently alleged that the defendant was imposed upon and deceived. The answer given by the plaintiff's counsel to the objection, that it is not alleged that the releasee knew of the falsehood of his statements is entirely satisfactory. It is alleged that those statements were fraudulently made, and that is a sufficient allegation that they were known to be untrue. These replications then being in good form and entirely sufficient, the demurrer must be overruled.

We have examined the decisions in the State of New-York, to which our attention has been called by the counsel for the defendant; and we are aware of like decisions in Virginia and North Carolina, in Ohio, Indiana and Illinois, in Missouri and Arkansas, which are supposed to establish the points, that in an action upon a bond or other specialty, fraud is no defence, if it relate to the consideration of the instrument, and that it must

be fraud in relation to the execution alone, that constitutes a defence ; and as a corollary to this, that a general plea of fraud and covin is bad, because it does not set forth that the fraud was in relation to the delivery or execution of the instrument. We have found no word in any book relating to the common law, which gives the least countenance to the distinction set up in these cases, until the case of *Vrooman* v. *Phelps,* 2 Johns., 177, decided in 1807. No book, or case of earlier date than this, is cited in support of it, in any case we have seen. The case of *Vrooman* v. *Phelps,* was decided entirely upon the authority of *Dollan* v. *Sammis,* cited and first published in a note appended to the case. The point of the last case was merely whether the failure of consideration was a defence to a bond, and it was decided there that it was not a defence. But the doctrine of the court in that case was the true one. The court say, " There is no allegation that the plaintiff sold the chattel *fraudulently,* and *knowing he had no title.* There is no case in which a bond can be set aside, but when the consideration was void in law, *or there was fraud.*" This implies, as strongly as language can imply anything, that a bond would be set aside for fraud, generally for any fraud.

In *Vrooman* v. *Phelps,* the plea was fraudulent representations as to the character of the slaves for the price of which the bond was given, — and general demurrer. The judge, who delivered the opinion of the court, says, " In *Dollan* v. *Sammis,* it was held, that the want or failure of consideration could not be set up at law to impeach a specialty. The principle applies to this case. It has been repeatedly decided, that the breach of a written warranty, as to the quality of goods sold, cannot be pleaded in discharge of a bond given for the consideration ; *much less* ought parol representations, as to the quality of a thing, made antecedent to the contract, though *false and fraudulent,* and though they may have induced the defendant to make the purchase, be pleaded in avoidance of a specialty. The special plea forms no valid defence to this suit." The plea of fraud was in good form, setting forth the particulars. The decision was in effect, as it was expressed by the judge in the case of

*Dorr* v. *Munsell*, 13 Johns., 430, that " a fraudulent represen-
tation of the plaintiff's rights." (i. e., of material facts,) " is in
substance a denial of any consideration for the bond !" It was
based upon a confounding of *fraud* with *want of consideration*,
two things radically and essentially distinct, and standing upon
principles entirely unlike. The principle of the common law
is well settled, that fraud vitiates everything, contracts, obli-
gations, deeds of conveyance, and even the records and judg-
ments of courts, incontrovertible as they are on every other
ground ; while want or failure of consideration alone is no de-
fence to any specialty. This distinction was clearly recognized
in *Dollan* v. *Sammis*, the case cited by the judge. In the case
of *Bunn* v. *Lee*, 4 Johns., 410, two years after, in 1809, the
court held in a like case of debt on bond, and fraud pleaded,
that the *consideration* for the promise was illegal and founded
in fraud, being made for the purpose of preventing due scrutiny
into the claim of the defendant to a discharge as an insolvent
debtor,—and the court say, " The present action being founded
on a specialty does not vary the case ; the seal does not pre-
clude an inquiry *into the consideration*, if illegal and *fraud-
ulent*." The court thus clearly recognized the common law
doctrine, that fraud is a good defence to a bond. Yet upon
this basis of *Vrooman* v. *Phelps*, there was built up in New
York a series of decisions, establishing a new and mischiev-
ous principle, that a seal was sufficient to preclude, in a court
of law, all inquiry relative to fraud in the consideration of a
sealed instrument. The innovation was evidently resisted by
the bar, since no less than seven decisions upon the point are
reported in that State in a little over twenty years. And the
common law was restored by act of the legislature in the revised
statutes of that State. See *Case* v. *Boughton*, 11 Wend., 106.
Similar decisions made in Ohio and Indiana have led to the like
restoration of the common law. See *Huston* v. *Williams*, 3
Blackf., 171 ; *Greathouse* v. *Dunlap*, 3 McLean, 303.

These decisions do not appear by the Digests to have been
followed in any of the New-England States, nor in Pennsylvania,
Maryland, or South Carolina. And we entertain no doubt, that

this heresy will be rejected in every State, in which it has been recognized, whenever the subject shall be thoroughly examined.